MICHAEL C. AND LYNN M. KOHN v. MUG-A-BUG, BEN KNOWLES D/B/A MUG-A-BUG, ALLENTON REALTY AND INSURANCE COMPANY CORPORATION, SHELLI, INC., SHELLI LIEBERMAN D/B/A SHELLI, INC., COLLINS BABER, HETTI JOHNSON

No. 8814SC728

(Filed 5 July 1989)

1. **Rules of Civil Procedure § 41.1— voluntary dismissal without prejudice—effect of motions for summary judgment and attorney fees**

    Defendants' motions for summary judgment and for attorney fees under N.C.G.S. §§ 6-21.5 and 75-16.1 were not claims for affirmative relief which prevented plaintiffs from taking a voluntary dismissal without prejudice under Rule 41(a)(1).

2. **Attorneys at Law § 7.5; Rules of Civil Procedure § 11—voluntary dismissal without prejudice—attorney fees not allowable**

    Attorney fees could not be awarded to defendants under N.C.G.S. §§ 6-21.5 and 75-16.1 after plaintiffs took a voluntary dismissal without prejudice because there was no adjudication on the merits and thus no "prevailing party." Furthermore, even if plaintiffs filed the complaint against defendants without making reasonable inquiry as to either the facts or law of

the case, attorney fees could not be awarded to defendants under N.C.G.S. § 1A-1, Rule 11(a) since that statute applies only to pleadings filed after 1 January 1987 and plaintiffs' complaint was filed before that date.

APPEAL by defendants Shelli, Inc. and Shelli Lieberman, d/b/a Shelli, Inc., from *Gudger, Judge*, and *Lee, Judge*. Orders entered 4 June 1987 and 20 January 1988, *nunc pro tunc* 1 June 1987, 2 June 1987 and 14 December 1987, in Superior Court, DURHAM County. Heard in the Court of Appeals 23 February 1989.

This appeal is from an order denying the motions of defendants Lieberman and Shelli, Inc. for summary judgment and attorney's fees. The pertinent facts follow: Upon moving to Durham in May, 1984 plaintiffs bought a house that was shown to them by defendant Shelli Lieberman, a real estate agent who does business through Shelli, Inc. The property was listed by another agent and before the transaction was completed the owner-seller and the listing agent had the house examined for termites by defendant Mug-A-Bug, who certified that it was free of termites and termite damage. Shortly after moving in the house plaintiffs discovered that it had substantial termite damage and they sued everyone that had had any part in the purchase and sale transaction—the owner-seller, the listing agents, the exterminator and its manager, and defendant appellants. Based in substance upon allegations that the defendants wantonly and willfully conspired to conceal from, and misrepresent to, plaintiffs the true condition of the house, causes of action for breach of contract, fraud, and unfair trade practices were stated against all of the defendants jointly. In answering the complaint defendants Lieberman and Shelli, Inc. denied any part in the termite inspection or certification, alleged that all the causes of action against them were frivolous, and asked that they be awarded attorney's fees under G.S. 6-21.5, G.S. 75.16.1, and G.S. 1A-1, Rule 11(a), N.C. Rules of Civil Procedure; and on 30 April 1984, following some discovery, they moved for summary judgment as to all of the causes and renewed their motion for attorney's fees. On 8 May 1987 plaintiffs took a voluntary dismissal without prejudice as to defendants Lieberman and Shelli, Inc. under Rule 41(a)(1), N.C. Rules of Civil Procedure; and on 4 June 1987 when defendants' motions for summary judgment and attorney's fees came on for hearing Judge Gudger concluded that the action as to them had terminated with no party prevailing and denied the motions. This

order was later revised by Judge Lee, pursuant to defendants' motion, to state that it was a final judgment as to them and on that day they noticed their appeal to this Court.

*Henry E. Moss for plaintiff appellees.*

*Womble, Carlyle, Sandridge and Rice, by William E. Moore, Jr., for defendant appellants Shelli, Inc. and Shelli Lieberman d/b/a Shelli, Inc.*

PHILLIPS, Judge.

Waiving defendants' failure to notice their appeal from the order involved within the time stated by Rule 3, N.C. Rules of Appellate Procedure, we treat the appeal as a petition for *certiorari* and affirm the order appealed from, since Judge Gudger's refusal to grant defendants' motions for attorney's fees and summary judgment was clearly correct.

[1]   The action against defendants having been voluntarily dismissed without prejudice under Rule 41(a)(1)—as plaintiffs had an unqualified right to do, since the case was still in the pre-trial stage and defendants had not sought any affirmative relief, *Lowe v. Bryant*, 55 N.C. App. 608, 286 S.E. 2d 652 (1982); W. Shuford, N.C. Civil Practice and Procedure Sec. 41-4, p. 339 (3d ed. 1988)—no action against the defendant appellants was pending in which the court could act. *Caroon v. Eubank*, 30 N.C. App. 244, 226 S.E. 2d 691 (1976). Defendants' argument that the dismissal was ineffective because affirmative relief was sought by their motions for attorney's fees and summary judgment is fallacious. "Affirmative relief" in a lawsuit is "[r]elief for which defendant might maintain an action independently of plaintiff's claim and on which he might proceed to recovery, although plaintiff abandoned his cause of action or failed to establish it." Black's Law Dictionary 56 (5th ed. 1979). The fees were obtainable, if at all, under the statutes relied upon, G.S. 6-21.5 and G.S. 75-16.1, only as a cost of court in *this* action; they could not have been recovered in a separate action. Furthermore, under the terms of the statutes relied upon, fees are awardable only to a "prevailing party"; and there is no prevailing party in this case since the voluntary dismissal without prejudice was not an adjudication on the merits. *Collins v. Collins*, 18 N.C. App. 45, 196 S.E. 2d 282 (1973). And, of course, defendants' motion for summary judgment was not a claim for affirmative relief, but a request to dismiss the action, which the court was without

power to do since the action had already been dismissed by plaintiffs. *Lowe v. Bryant, supra.*

[2] And, contrary to defendants' further argument, even if the court found, as defendants urged it to do, that plaintiffs filed the complaint against them without making reasonable inquiry as to either the facts or law of the case, attorney's fees could not have been awarded to defendants under the provisions of Rule 11(a), N.C. Rules of Civil Procedure. For the amended provisions of Rule 11(a) which authorize the imposition of sanctions, including attorney's fees, against parties who file pleadings and other papers without reasonable inquiry apply only to pleadings and other court papers filed on or after 1 January 1987, and plaintiffs' complaint was filed on 23 October 1986.

Affirmed.

Judges ARNOLD and JOHNSON concur.