O'NEAL v. MURRAY

[105 N.C. App. 102 (1992)]

Affirmed.

Judges WELLS and WALKER concur.

———————————

ROBERT R. O'NEAL, PLAINTIFF-APPELLEE v. HENRY ARCHIE MURRAY, DEFENDANT AND THIRD-PARTY PLAINTIFF-APPELLANT v. THE KEY COMPANY, A NORTH CAROLINA CORPORATION, THIRD-PARTY DEFENDANT-APPELLEE

No. 9114DC128

(Filed 7 January 1992)

**Rules of Civil Procedure §§ 37, 55 (NCI3d)— default judgment— failure to answer interrogatories—application of improper rule**

The trial court erred in granting default judgment pursuant to N.C.G.S. § 1A-1, Rule 55(b) where the basis for plaintiff's pursuit of a default judgment was defendant's failure to respond to requested discovery, and Rule 37(d) was therefore the proper rule under which plaintiff should have sought relief.

**Am Jur 2d, Depositions and Discovery §§ 391, 392; Judgments § 1165.**

**Judgment in favor of plaintiff in state court action for defendant's failure to obey request or order to answer interrogatories or other discovery questions. 30 ALR4th 9.**

APPEAL by defendant from entry of default 26 October 1990 and judgment entered 1 November 1990 by *Judge Carolyn D. Johnson* in DURHAM County District Court. Heard in the Court of Appeals 12 November 1991.

*Eugene C. Brooks, III for plaintiff appellee.*

*Newsom, Graham, Hedrick, Bryson & Kennon, by Emerson M. Thompson, III, for defendant and third-party plaintiff appellant.*

*Moore & Van Allen, by David E. Fox and Kevin M. Capalbo, for third-party defendant appellee.*

WALKER, Judge.

Robert R. O'Neal (plaintiff) instituted this action against Henry Archie Murray (defendant) on 8 August 1989 alleging breach of

O'NEAL v. MURRAY

[105 N.C. App. 102 (1992)]

contract and damages in the amount of $31,970.85. Defendant filed an answer on 17 October 1989 denying plaintiff's allegations and asserted a third-party action against The Key Company (Key). Key answered the third-party complaint on 4 October 1990. On 26 October 1989, plaintiff served interrogatories on defendant through defendant's counsel, William J. Bair (Bair). At the time of hearing one year later, these interrogatories had remained unanswered.

On 2 October 1990, Bair moved for an order allowing his withdrawal from the case, setting forth defendant's failure to communicate with Bair and his failure to assist in the preparation of responses to the interrogatories. By order dated 4 October 1990, the court permitted Bair to withdraw from the case and gave defendant twenty days to secure alternate counsel. By letter dated 11 October 1990, Bair informed defendant that he would no longer be representing him, defendant had twenty days to secure alternative counsel, and the matter was set *for trial* on 26 October 1990. From the record, it appears this letter was the only notice defendant ever received disclosing the date the matter would be heard.

On 26 October 1990, plaintiff filed an affidavit and motion for entry of default. In his motion, he requested that the court strike defendant's answer and third-party complaint and enter default against defendant pursuant to Rule 55, N.C. Rules of Civil Procedure. Defendant was present in court on this date and moved for a continuance. This was denied and the trial court proceeded to strike defendant's answer and third-party complaint, enter default against defendant, and render judgment for plaintiff on his complaint. The judgment was not signed until 1 November 1990. Defendant appeals the entry of default and the judgment.

In the entry of default, the trial court found defendant (1) failed to secure alternate counsel by 24 October 1990, as per the court's 4 October 1990 order; (2) failed to respond to requested discovery; and (3) failed to cooperate with his attorney. The failure of a party to secure alternative counsel does not constitute adequate grounds for entry of default. A party has the right to appear *in propria persona* if he so chooses. *See Abernathy v. Burns*, 206 N.C. 370, 173 S.E. 899 (1934); *Cox v. Cox*, 92 N.C.App. 702, 376 S.E.2d 13 (1989). Therefore, the only apparent basis for the entry of default was defendant's failure to respond to requested discovery.

O'NEAL v. MURRAY

[105 N.C. App. 102 (1992)]

In this case, judgment by default was entered pursuant to plaintiff's motion under Rule 55(b), N.C. Rules of Civil Procedure. Defendant contends that the proper procedure was for plaintiff to file a motion pursuant to Rule 37(d), N.C. Rules of Civil Procedure, since defendant had filed an answer in the action and the reason for pursuing entry of default was defendant's failure to respond to interrogatories. Defendant further asserts that because plaintiff did not seek a default judgment under Rule 37(d), the judgment of the trial court should be reversed. We agree.

In relevant synopsis, Rule 37(d) provides, "If a party . . . fails . . . to serve answers or objections to interrogatories . . . after proper service of the interrogatories . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just." Under this rule, where an answer to the complaint has been filed, a party may move the court to order the answer stricken and if granted, for entry of default judgment against the disobedient party. Rule 37(b)(2)c, N. C. Rules of Civil Procedure.

With the basis for plaintiff's pursuit of a default judgment being defendant's failure to respond to requested discovery, Rule 37(d) correctly applies to the present situation and plaintiff should have sought relief under this rule. Therefore, the trial court's grant of a default judgment pursuant to Rule 55(b) was improper.

As plaintiff failed to utilize the proper procedure for pursuing default, we decline to formally address defendant's remaining contentions. However, we note that even if Rule 55(b) had been the proper means for seeking a default judgment, plaintiff failed to give timely notice of his intent to seek a default judgment under Rule 55(b). *Stanaland v. Stanaland*, 89 N.C.App. 111, 365 S.E.2d 170 (1988); *Sawyer v. Cox*, 36 N.C.App. 300, 244 S.E.2d 173, *disc. review denied*, 295 N.C. 467, 246 S.E.2d 216 (1978).

The trial court's order of entry of default and judgment of default are reversed, and this case is remanded to the District Court of Durham County for entry of an order allowing defendant to respond to plaintiff's requested discovery.

Reversed and remanded.

Judges WELLS and LEWIS concur.