D. WAYNE BROOKS AND · WIFE, KATHLEEN C. BROOKS, PLAINTIFFS v. ELLA M. GIESEY, SARA MEADOWS, JOHN ALEXANDER MEADOWS, SUE L. MEADOWS AND HOPIE E. BEAMAN, DEFENDANTS

No. 913SC163

(Filed 7 July 1992)

1. **Rules of Civil Procedure § 11 (NCI3d) — Rule 11 sanctions — litigation begun before current Rule — continued after effective date — imposition of sanctions error**

   The trial court erred by imposing sanctions under N.C.G.S. § 1A-1, Rule 11 based on the complaint where the complaint was filed before the effective date of the current Rule 11, even though papers were filed and the litigation continued beyond that date.

   **Am Jur 2d, Federal Practice and Procedure § 1216.**

2. **Costs § 36 (NCI4th) — nonjusticiable case — attorney's fees as costs — motion filed after appeal — jurisdiction**

   The trial court had jurisdiction to enter an order under N.C.G.S. § 6-21.5 requiring payment of attorney fees where the motion seeking payment was filed more than a year after summary judgment and more than a month after the judgment was affirmed on appeal. Under a statute such as N.C.G.S.

BROOKS v. GIESEY

[106 N.C. App. 586 (1992)]

§ 6-21.5, which contains a prevailing party requirement, the parties should not be required to litigate fees when the appeal could moot the issue, and the trial court is divested of jurisdiction upon filing of a notice of appeal. N.C.G.S. § 1-294.

**Am Jur 2d, Federal Practice and Procedure § 182.**

3. **Costs § 36 (NCI4th) — nonjusticiable case — attorney's fees as costs — no error**

   The trial court did not err by ordering plaintiffs to pay attorney fees under N.C.G.S. § 6-21.5 where summary judgment for defendants had been affirmed on appeal with the comment that the facts presented by plaintiffs did not give rise to an enforceable claim under any theory known to law and the trial court subsequently concluded that plaintiffs had presented no justiciable issue of fact or law. The Court noted that it is unfortunate that clients who presumably know nothing about the law can be sanctioned for factual and legal deficiencies under N.C.G.S. § 6-21.5, which does not contain the same limitations as Rule 11.

**Am Jur 2d, Federal Practice and Procedure § 182.**

4. **Discovery and Depositions § 54 (NCI4th) — failure to admit matters later proven — attorney fees granted — no abuse of discretion**

   The trial court did not abuse its discretion by awarding attorney fees under N.C.G.S. § 1A-1, Rule 37(a) for failure to admit matters later proven where the plaintiffs contended that they had not conducted discovery at the time they were required to admit or deny, but the trial court listed in its order a number of requests for admission which were denied by appellants for no valid reason, stated that the appellees ultimately established the matters denied, and included a detailed list of expenses incurred in establishing the matters denied.

**Am Jur 2d, Federal Practice and Procedure § 182.**

Judge GREENE concurring in part and dissenting in part.

APPEAL by plaintiffs from orders entered 27 July 1990 in CRAVEN County Superior Court by *Judge James D. Llewellyn.* Heard in the Court of Appeals 3 December 1991.

BROOKS v. GIESEY

[106 N.C. App. 586 (1992)]

*David P. Voerman, P.A., by David P. Voerman, for appellant, David P. Voerman.*

*Glover and Petersen, P.A., by James R. Glover, for plaintiffs-appellants, D. Wayne Brooks and Kathleen C. Brooks.*

*Ward and Smith, P.A., by Donalt J. Eglinton, for defendants-appellees.*

WYNN, Judge.

During 1981 and 1982, Sara Meadows, John Alexander Meadows, and Sue Meadows (the "Meadows") subdivided the land they had inherited in Craven County into a residential subdivision known as Bellefern Subdivision. Sara Meadows engaged an independent engineer and surveyor, Darrel Daniels, to lay out and map the development, and an independent general contractor, Clement and Johnson, to grade and pave the roads and dig the ditches.

On 1 April 1982, after the surveyor and general contractor completed their work and the subdivision maps and restrictive covenants were recorded, the Meadows began selling lots. They contracted to sell Lot 10 on 6 June 1983 to defendant Beaman, an independent building contractor. This lot is lower than the lots on each side of it, and, at the back, there is a small swale or depression. On 24 June 1983, plaintiffs, after walking over the lot, contracted with Beaman in writing to purchase the lot and build a house on the lot. On 12 April 1984, the house was completed and, Beaman conveyed the lot to plaintiffs by warranty deed. During the period from July to September 1984, plaintiffs stated that they became aware of the drainage problem on the lot. They expressed their dissatisfaction and asked Beaman and Sara Meadows to correct the problem. Sara Meadows contacted Clement and Johnson to examine the property. The contractors later, at no cost to plaintiffs, did some grading and filling across the back of the lot, but the problem was not alleviated and water continued to stand at the back of the lot following a heavy rain.

Plaintiffs filed a complaint against defendants on 4 December 1986, alleging that they had suffered economic loss in connection with their property based on the following theories: (1) breach of warranty; (2) fraud; (3) negligent design and construction of the drainage facilities; (4) creation of an easement; (5) trespass; (6) nuisance; and (7) unfair and deceptive trade practices. The trial

court entered an order granting summary judgment in favor of and awarding costs to the defendants. This Court, on 6 June 1989, affirmed the trial court's order. Subsequently, several motions regarding costs and sanctions were considered by the trial court, which resulted in an award for defendants of $3,200 in attorney's fees under Rule 37, $15,532.99 under N.C. Gen. Stat. § 6-21.5, and attorney's fees of $12,622.90 against the plaintiffs and their attorney under Rule 11. The trial court entered the three judgments and orders for fees contemporaneously as alternative means for awarding defendants the same costs. The court also ordered that any sum paid to defendants to satisfy any of the judgments and orders would satisfy each separate judgment and order to the extent payment is remitted. It is from these costs and sanctions that plaintiffs and their attorney now appeal.

I.

[1] Appellants contend that the trial court erred in ordering them to pay attorney's fees as Rule 11 sanctions. They argue that the trial court cannot sanction them for a complaint filed prior to the effective date of the current Rule 11, 1 January 1987. The trial court concluded that, because plaintiffs or their attorney filed papers subsequent to that date, the litigation effectively was continued beyond 1 January 1987. We disagree with the trial court's conclusion.

At the time the complaint at issue was filed, 4 December 1986, Rule 11(a) required only that the attorney sign the pleading certifying that he "has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." Under the amended version of Rule 11(a), however, the signature of an attorney or party serves as a certification of good faith. In *Kohn v. Mug-A-Bug*, 94 N.C. App. 594, 380 S.E.2d 548 (1989), *overruled on other grounds*, *Bryson v. Sullivan*, 330 N.C. 644, 412 S.E.2d 327 (1992), this Court determined that even if "plaintiffs filed the complaint against [defendants] without making reasonable inquiry as to either the facts or law of this case, attorney's fees could not have been awarded to defendants under the provisions of Rule 11(a)" because plaintiffs filed their complaint on 23 October 1986. *Id.* at 597, 380 S.E.2d at 550. *Accord In re Williamson*, 91 N.C. App. 668, 373 S.E.2d 317 (1988).

In the instant case, the trial judge, in his Rule 11 order, stated that the defendants "are entitled to recover, pursuant to Rule

11, from the Plaintiffs and their attorney of record, David P. Voerman, Esquire, jointly and severally, as a cost incurred in connection with the defense of the claims asserted in the Plaintiffs' Complaint and pursued after April 14, 1987. . . ." We find that the trial court erred in ordering Rule 11 sanctions against appellants and their attorney based on appellants' complaint because the complaint was filed before the enactment of the current Rule 11. Accordingly, we reverse the trial court's Rule 11 order.

## II.

[2]  In their second assignment of error, appellants contend that the trial court had no jurisdiction to order them to pay attorney's fees under N.C. Gen. Stat. § 6-21.5 (1986), when the motion seeking such payment was filed more than a year after summary judgment was entered for the defendants and more than a month after the judgment was affirmed on appeal. They further argue that even if there was jurisdiction to enter the order to pay attorney's fees under section 6-21.5, the order was erroneous. We disagree.

Section 6-21.5 deals with attorney's fees in nonjusticiable cases and provides, in pertinent part,

> In any civil action or special proceeding the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading. The filing of a general denial or the granting of any preliminary motion, such as a motion for judgment on the pleadings pursuant to G.S. 1A-1, Rule 12, a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6), a motion for a directed verdict pursuant to G.S. 1A-1, Rule 50, or a motion for summary judgment pursuant to G.S. 1A-1, Rule 56, is not in itself a sufficient reason for the court to award attorney's fees, but may be evidence to support the court's decision to make such an award. A party who advances a claim or defense supported by a good faith argument for an extension, modification, or reversal of law may not be required under this section to pay attorney's fees.

N.C. Gen. Stat. § 6-21.5 (1986).

Under a statute such as section 6-21.5, which contains a "prevailing party" requirement, the parties should not be required to litigate fees when the appeal could moot the issue. Furthermore, upon

BROOKS v. GIESEY

[106 N.C. App. 586 (1992)]

filing of a notice of appeal, a trial court in North Carolina is divested of jurisdiction with regard to all matters embraced within or affected by the judgment which is the subject of the appeal. N.C. Gen. Stat. § 1-294 (1983). We, therefore, overrule appellants' jurisdictional argument.

[3] Because we find that the trial court had jurisdiction to enter the order, we next must determine whether the trial court's order was erroneous. Section 6-21.5 "requires review of all relevant pleadings and documents in determining whether attorneys' fees should be awarded." *Bryson v. Sullivan*, 330 N.C. 644, 660, 412 S.E.2d 327, 335 (1992). *Compare Sunamerica Financial Corp. v. Bonham*, 328 N.C. 254, 257 n.1, 400 S.E.2d 435, 437 n.1 (1991) (A violation of Rule 11 occurs when the paper is filed. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 110 L.Ed.2d 359, 375 (1990) ). Only losing parties and not their attorneys can be sanctioned under section 6-21.5. *Bryson*, 330 N.C. at 665-66, 412 S.E.2d at 338-39. In *Sprouse v. North River Ins. Co.*, 81 N.C. App. 311, 326, 344 S.E.2d 555, 565, *disc. review denied*, 318 N.C. 284, 348 S.E.2d 344 (1986), this Court stated the following:

> A "justiciable" issue is not defined by our statutes or case law. A "justiciable controversy" is a real and present one, not merely an apprehension or threat of suit or difference of opinion. Presumably, a "justiciable controversy" involves "justiciable issues," thus those which are real and present, as opposed to imagined or fanciful. "Complete absence of a justiciable issue" suggests that it must conclusively appear that such issues are absent even giving the losing party's pleadings the indulgent treatment which they receive on motions for summary judgment or to dismiss.

*Id.* (citations omitted). *Accord Bryson*, 330 N.C. at 665, 412 S.E.2d at 338; *Sunamerica*, 328 N.C. at 257, 400 S.E.2d at 437.

When granting defendants' motion under section 6-21.5, the trial court made the following relevant conclusions of law:

> 8. None of the claims asserted by the Plaintiffs in their Complaint seeking to recover from the Defendants on any theory presents any justiciable issue of fact or law.
>
> 9. The entry of the Order on April 25, 1988 granting summary judgment in favor of the Defendants against the Plaintiffs with respect to all claims asserted by the Plaintiffs in their

Complaint and the affirmation of this Order by unanimous opinion filed on June 6, 1989 by the Court of Appeals lend support to the conclusion that none of the claims asserted by the Plaintiffs in their Complaint presents any justiciable issue of fact or law.

Furthermore, in the earlier appeal of this case, this Court, in an unpublished opinion, held that the facts presented by appellants did "not give rise to an enforceable claim against the appellees under any theory known to our law."

It should be noted that under Rule 11, "a represented party may rely on his attorney's advice as to the legal sufficiency of his claims" and only "will be held responsible if his evident purpose is to harass, persecute, otherwise vex his opponents, or cause them unnecessary cost or delay." *Bryson*, 330 N.C. at 663, 412 S.E.2d at 337. In our opinion, it is unfortunate that under section 6-21.5, which does not contain the same limitations, clients who presumably know nothing about the law can be sanctioned for factual and legal deficiencies. Based on the foregoing, however, we are constrained to conclude that appellants' assignment of error is without merit.

## III.

[4] Finally, appellants contend that the conclusion of law in the order requiring them to pay for 32 hours of time for appellees' attorney under Rule 37(a) is not supported by findings of fact or the evidence in the record. They argue that, at the time that they were required to admit or deny, they had not conducted discovery to gather information regarding the matters they were requested to admit. We disagree.

The choice of sanctions under Rule 37 is within the trial court's discretion and will not be overturned on appeal absent a showing of abuse of that discretion. *Roane-Barker v. Southeastern Hospital Supply Corp.*, 99 N.C. App. 30, 36, 392 S.E.2d 663, 667 (1990), *disc. review denied*, 328 N.C. 93, 402 S.E.2d 418 (1991). The trial court sanctioned appellants because of their failure to admit under N.C.R. Civ. P. 37(c), which provides:

*Expenses on failure to admit.*—If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or

the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (i) the request was held objectionable pursuant to Rule 36(a), or (ii) the admission sought was of no substantial importance, or (iii) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (iv) there was other good reason for the failure to admit.

N.C. Gen. Stat. § 1A-1, Rule 37(c) (1990).

We find that the trial court did not abuse its discretion. In the Rule 37 order, the trial judge listed a number of requests for admission which were denied by appellants for no valid reason. The trial judge also stated that the appellees ultimately established, by affidavit, deposition, and motion to strike, the matters denied by appellants. Furthermore, the order contained a detailed list of the expenses incurred in establishing the matters denied. We, therefore, overrule appellants' assignment of error.

### IV.

The trial court's Rule 37 order and Section 6-21.5 order are affirmed, and the Rule 11 order is reversed.

Judge PARKER concurs.

Judge GREENE concurs in part and dissents in part in a separate opinion.

Judge GREENE concurring in part and dissenting in part.

### Rule 11

I agree with the majority that the trial court was without authority pursuant to the legal and factual sufficiency prongs of Rule 11 to impose as a sanction for filing the complaint that the plaintiffs and their attorney pay the defendants' attorney's fees. Whether the complaint complies with the legal and factual sufficiency prongs of Rule 11 is determined "as of the time it was signed," *Bryson v. Sullivan*, 330 N.C. 644, 657, 412 S.E.2d 327, 333 (1992), and is not affected by subsequently occurring events. Therefore, because on 4 December 1986, the date the complaint was signed and filed, Rule 11 did not authorize an award of attorney's fees

as a sanction for violation of the Rule, *Kohn v. Mug-A-Bug*, 94 N.C. App. 594, 597, 380 S.E.2d 548, 550 (1989), the continued prosecution of the action beyond 1 January 1987 (effective date of amended Rule 11 permitting award of attorney's fees) did not authorize such an award based on a violation of the legal or factual sufficiency prongs of Rule 11. However, the plaintiffs' and their attorney's continued prosecution of meritless claims after 1 January 1987 could support an attorney's fee sanction under either the improper purpose prong of Rule 11 or "pursuant to the inherent power of the court." *Bryson*, 330 N.C. at 658, 412 S.E.2d at 334; *see also Chambers v. NASCO, Inc.*, --- U.S. ---, ---, 115 L.Ed.2d 27, 45 (1991) (trial court has inherent power to "assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons' ").

Judge Llewellyn concluded that the plaintiffs and their attorney with an improper purpose signed and filed documents after 1 January 1987. More specifically, Judge Llewellyn determined that the papers and documents "were interposed for the improper purpose of attempting to circumvent a summary adjudication adverse to the [p]laintiffs with respect to unwarranted claims . . . thereby causing unnecessary delay and needless increase in the cost to the Defendants of defending these claims." Although this conclusion supports the order of sanctions, the order cannot be affirmed because the record does not reflect that plaintiffs were given any notice that sanctions were sought on the grounds of improper purpose. "[D]ue process requires that an alleged Rule 11 offender be given timely notice, not only that sanctions are being sought or considered, but of the bases for those sanctions. . . ." *Taylor v. Taylor Products, Inc.*, 105 N.C. App. 620, 629, 414 S.E.2d 568, 575 (1992). The record reflects that defendants gave written notice only that they were seeking Rule 11 sanctions "upon Plaintiffs and counsel for the Plaintiffs for filing this action which fails to assert any claim supported by fact and law . . . ." Furthermore, the record does not reflect any advance notice from the trial court that it was considering imposition of sanctions under the improper purpose prong of Rule 11 or pursuant to its inherent powers. *See Chambers*, --- U.S. at ---, 115 L.Ed.2d at 48 (trial court must comply with due process when invoking inherent power); N.C.G.S. § 1A-1, Rule 11 (1990) (trial court may on its own initiative impose sanctions). Having given notice of their intention to seek sanctions under the factual and legal sufficiency prongs of Rule 11, and no notice

having been given by the trial court to the contrary, defendants cannot now seek to sustain an order supported only under the improper purpose prong of Rule 11. Accordingly, I agree with the majority that the trial court's Rule 11 order must be reversed.

## N.C.G.S. § 6-21.5

I agree with the majority that the trial court was not without jurisdiction to order the payment of attorney's fees pursuant to N.C.G.S. § 6-21.5. Under Rule 11, sanctions "may be imposed years after a judgment on the merits," *Chambers*, --- U.S. at ---, 115 L.Ed.2d at 52, and I see no bases for requiring a different rule for the imposition of attorney's fees under N.C.G.S. § 6-21.5.

However, I disagree with the majority that under N.C.G.S. § 6-21.5 "clients who presumably know nothing about the law can be sanctioned for factual and legal deficiencies." There are two prerequisites to an award of attorney's fees under N.C.G.S. § 6-21.5. First, the court must determine that the pleading contains no "justiciable issue of law or fact." Second, the court must determine that the plaintiff should reasonably have been aware, at the time the complaint was filed, that the pleading contained no justiciable issue of law or fact or that the plaintiff persisted in litigating the case "after the point where [he] should reasonably have become aware that the pleading [he] filed no longer contained a justiciable issue." *Bryson*, 330 N.C. at 665, 412 S.E.2d at 338 (affirming denial of attorney's fees where plaintiffs' claims rendered nonjusticiable); *see also Sunamerica Fin. Corp. v. Bonham*, 328 N.C. 254, 258, 400 S.E.2d 435, 438 (1991). Assuming that the complaint in this case did not contain justiciable issues of law or fact, the order nevertheless cannot be sustained because the trial court made no findings or conclusions on whether these plaintiffs should reasonably have been aware of these deficiencies at the time the complaint was filed or persisted in litigating the case after a point where they should have been aware of its deficiencies. I therefore would reverse the order of the trial court requiring the plaintiffs to pay attorney's fees pursuant to N.C.G.S. § 6-21.5.

## Rule 37

I agree with the majority and for the reasons asserted in the opinion that the trial court did not err in awarding attorney's fees pursuant to Rule 37.