LEVINSON, Judge.
Plaintiff appeals from the superior court's dismissal of her claim with prejudice pursuant to N.C.G.S. § 1A-1, Rule 37(b)(2) and Rule 9(j) (2003). The trial court entered a separate order for the dismissal under each rule, each of which stated that the dismissal under the particular rule was "a separate and independent basis for the [c]ourt's dismissal of plaintiff's complaint." We affirm the order of dismissal entered pursuant to Rule 37(b)(2). This disposition makes it unnecessary to address plaintiff's arguments concerning Rule 9(j). On 19 February 2002, plaintiff filed a complaint alleging medical malpractice against the defendant. Thereafter, plaintiff was thrice sanctioned for failure to comply with the discovery orders of the superior court. First, on 29 January 2003, Judge Marcus L. Johnson imposed sanctions against plaintiff for failing to produce medical records. Second, on 1 April 2003, Judge Jesse B. Caldwell, III, entered an order sanctioning plaintiff for failing to comply with, and affirmatively thwarting, the order entered by Judge Johnson on 29 January. Third, on 18 June 2003, Judge Robert C. Ervin sanctioned plaintiff, by dismissing her claim pursuant to Rule 37(b)(2)c, for failure to comply with a discovery order entered on 7 January 2003.
In the order dismissing plaintiff's claim pursuant to Rule 37, the trial court made the following pertinent findings of fact:
1. On or about January 7, 2003, Superior Court Judge Marcus L. Johnson, entered a Discovery Order pursuant to Rule 26(f) of the North Carolina Rules of Civil Procedure.
2. The Discovery Order Provided that by "April 30, 2003, the plaintiff(s) shall identify any and all expert witnesses whom they may call to testify at trial." The Discovery Order further provided that "[p]laintiffs shall serve the opposing parties with a statement of:
(a) The name and address of the expert.
(b) A summary of his or her qualifications.
(c) The subject matter on which the expert is expected to testify.
(d) A summary of the facts and opinions to which he or she is approved to testify; and
(e) A summary of the grounds for each opinion.
3. The plaintiff failed to designate an expert at any time prior to May 1, 2003.
4. On or about May 20, 2003, the plaintiff file [sic] and served Plaintiff's Declaration and Identification of Medical Expert and Plaintiff's Response to Interrogatories Pursuant to Rule 9(j) [of the North Carolina Rules of Civil Procedure].
5. In the documents filed and served by the plaintiff on May 20, 2003, the plaintiff identified Chason Spenser Hayes, M.D., as her expert witness. The plaintiff also provided a curriculum vitae for Dr. Hayes. As such, the plaintiff complied with Subsections (a) and (b) quoted above [in finding of fact number two].
6. The documents filed and served by the plaintiff on or about May 20, 2003, did not describe the subject matter on which Dr. Hayes was expected to testify, did not include a summary of the facts and opinions to which Dr. Hayes was expected to testify or a summary of the grounds for each opinion of Dr. Hayes. As such, the documents filed and served by the plaintiff on or about May 20, 2003 failed to comply with paragraphs (c), (d), and (e) cited above [in finding of fact number two].
7. [Pursuant to a 1 April 2003 order sanctioning plaintiff], plaintiff [was] expressly prohibited from offering Dr. Chason Hayes' testimony.
8. The identification of an individual as an expert witness when that individual's testimony had been previously excluded by an earlier order of the Court does not comply with the provisions of the Discovery Order. The identification of such an expert witness is tantamount to the failure to designate any witness since Dr. Hayes' testimony could not be admitted . . . .
. . . .
11. This is at least the third time that the plaintiff has been subject to sanctions in the above referenced action for failing to comply with discovery rules and orders in this action.
As a result of the referenced discovery violations, the trial court dismissed plaintiff's claim with prejudice pursuant to Rule 37(b)(2)c. Plaintiff now appeals. Before addressing the merits of this appeal, we note that the appellant has violated numerous provisions of the North Carolina Rules of Appellate Procedure. Some of the violations include: (1) failing to comply with the provisions of N.C.R. App. P. 10 regarding the form and function of assignments of error, (2) failing to comply with the provisions of N.C.R. App. P. 28 regarding the form, function, and length of briefs, and (3) including multitudinous documents in the record on appeal, which are not required under N.C.R. App. P. 9, are not necessary for this Court to decide the controversy before it and have made the record difficult to navigate. Indeed, although plaintiff's appeal presents fairly straightforward issues that require the filing of very few documents with this Court, plaintiff has filed more than one thousand pieces of paper. Very many, if not most, of the documents filed have no bearing on the questions presented on appeal. The voluminous record, coupled with the appellant's failure to make her index concise and non-argumentative, has resulted in needless expenditure of this Court's time and effort in passing upon the merits of plaintiff's action.
Though we are aware that the Rules of Appellate procedure may be complex for self-represented parties, the Rules serve a very important role in permitting this Court to effectively decide the legal issues placed before it. For this and other reasons, it has been held that the Rules of Appellate Procedure "apply to everyone-whether acting pro se or being represented by all of the five largest law firms in the state." Bledsoe v. County of Wilkes, 135N.C. App. 124, 125, 519 S.E.2d 316, 317 (1999) (per curiam). While noncompliance could result in dismissal of an appeal, id., we choose to decide plaintiff's appeal on the merits.
The following principles guide our review of the merits: The North Carolina Rules of Civil Procedure provide that "if a party fails to obey an order entered under Rule 26(f) a judge of the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . [a]n order . . . dismissing the action or proceeding . . . ." Rule 37(b)(2)c (2003). "The choice of sanctions under Rule 37 is within the trial court's discretion and will not be overturned on appeal absent a showing of abuse of that discretion." Brooks v. Giesey, 106 N.C. App. 586, 592, 418 S.E.2d 236, 239 (1992), aff'd, 334 N.C. 303, 432 S.E.2d 339 (1993). This Court has held that a trial court does not abuse its discretion by imposing a severe sanction where the sanction is "among those expressly authorized by statute" and where there is no "specific evidence of injustice." Roane-Barker v. Southeastern Hospital Supply Corp., 99 N.C. App. 30, 37, 392 S.E.2d 663, 667 (1990).
In the instant case, the sanction imposed by the trial court is expressly authorized by statute. Though a dismissal with prejudice is harsh, we cannot say that it is inappropriate in light of plaintiff's repeated failures to comply with the trial court's orders regarding discovery. As such, the record is bereft of any evidence that the trial court abused its discretion in dismissing plaintiff's claim. The assignments of error directed at the trial court's order dismissing plaintiff's claim pursuant to Rule 37(b)(2)c are overruled; the assignments of error directed at the trial court's order dismissing plaintiff's claim pursuant Rule 9(j) need not be addressed and are therefore dismissed.
Affirmed.
Judges GEER and THORNBURG concur.
Report per Rule 30(e).