WYNN, Judge.
Defendant appeals a default judgment entered 29 July 2003 after the trial court struck her Answer and Counterclaim and all other pleadings as sanctions for failure to comply with a discovery order and failure to appear at a show cause hearing. For the reasons stated herein, we affirm.
The plaintiff-attorneys in this case, J. Calvin Cunningham and Lori Watson Berger, represented Cynthia Sams (now O'Malley) in a domestic action that ultimately was resolved under the representation of Ms. Sams's current attorney, William J. O'Malley. The matter arose when Mr. Cunningham and Ms. Berger brought legal proceedings against Ms. Sams to recover their unpaid legal fees. The trial court entered partial summary judgment in favor of Mr.Cunningham and Ms. Berger, leaving only the issue of the "reasonableness of the time for which Ms. Sams was billed by Mr. Cunningham and Ms. Berger." Ms. Sams appealed the order on summary judgment, but this Court dismissed the appeal as being interlocutory on 26 February 2003.
Under The North Carolina State Bar's Revised Rule of Professional Conduct 3.7, Mr. Cunningham and Ms. Berger moved to have Mr. O'Malley disqualified as Ms. Sams's attorney because they intended to call him as a witness during the jury trial on the reasonableness of attorney fees. After the trial court entered an order disqualifying Mr. O'Malley and his firm, Hahn & Chastain, P.A., from any further representation in any capacity in the matter, Ms. Sams appealed. Ms. Sams filed a Petition for Writ of Supesedeas and Motion for Temporary Stay on 21 March 2003 to stay all further proceedings in the trial court pending review of the order disqualifying counsel. This Court initially denied the motion for temporary stay on 24 March 2003, but then rescinded that order ex mero motu on 4 April 2003 and allowed the temporary stay for the "limited purpose of staying further proceedings in the district court related to or affected by Judge Mark Culler's 2 July 2002 order disqualifying defendant's counsel." Then, on 22 April 2003, this Court entered an Order allowing Defendant's petition for writ of supersedeas and stayed "proceedings in the district court related to or affected by Judge Mark Culler's 2 July 2002 order disqualifying defendant's counsel . . . pending disposition of defendant's appeal." This Court upheld the trial court's orderdisqualifying defense counsel from representing Defendant at trial, but reversed the trial court's order disqualifying defense counsel from representing Defendant in any other capacity in this matter and the order disqualifying defense counsel's law firm. Cunningham v. Sams, No. COA02-1623, 2003 N.C. App. LEXIS 2347 (Nov. 18, 2003).
Thereafter this case came before Judge James M. Honeycutt, for a hearing upon Defendant's Motion for Protective Order and Application for Stay Order. Judge Honeycutt denied Ms. Sams's motions in an order entered 27 March 2003. On 23 April 2003 Judge Honeycutt entered an Order Compelling Discovery after Ms. Sams failed to show for a scheduled deposition. At this time, the trial court permitted Mr. O'Malley to act as Ms. Sams's attorney.
On 24 April 2003 Plaintiffs gave Ms. Sams notice for her deposition to occur at the offices of Cunningham & Crump in Davidson County, North Carolina. However, Ms. Sams failed to appear for this deposition, did not file a motion for a protective order, and did not give Plaintiffs any reason for her lack of attendance.
On 28 May 2003 Plaintiffs moved for sanctions against Ms. Sams for her failure to comply with previous discovery orders. The sanctions requested included striking Ms. Sams's Answer and Counterclaim and an entry of Judgment for Plaintiffs for the relief sought in their Complaint. On 9 June 2003 Judge Theodore S. Royster, Jr. held a hearing regarding the motion for sanctions, along with other matters, at which both Ms. Sams and her attorney failed to appear. On 23 June 2003 Judge Royster entered an Orderto Show Cause and an Order to Appear, ordering Ms. Sams to appear. On 1 July 2003 Judge Royster held the hearing on Plaintiffs' Motion for Sanctions and Defendant again failed to appear, despite the Order to Appear. Ms. Sams's attorney appeared at the hearing, and the trial court gave Ms. Sams's attorney forty minutes to get Ms. Sams to the hearing. During this break, Ms. Sams's attorney left the courthouse and did not return for the remainder of the hearing.
The trial court granted Plaintiffs' motion for sanctions and the Answer and Counterclaims and all other pleadings were stricken pursuant to Rule 37(b)(2) of the North Carolina Rules of Civil Procedure. On 29 July 2003 Judge Royster entered a judgment by default in favor of Plaintiffs in the amount prayed for in their Complaint, along with attorney fees for the preparation of the 21 May 2003 deposition. Ms. Sams appealed.
On appeal, Defendant argues that the trial court erred and abused its discretion in striking its Answer and Counterclaim and in entering judgment by default. We disagree.
Rule 37(b)(2) of the North Carolina Rules of Civil Procedure authorizes a trial court to sanction a party for failure to comply with a court order compelling discovery. The trial court is given broad discretion to "make such orders in regard to the failure as are just" and authorized to, among other things, prohibit the introduction of certain evidence, strike pleadings, dismiss the action, or render judgment against the disobedient party. N.C. Gen. Stat. § 1A-1, Rule 37(b)(2) (2003). The trial judge has broad discretion in imposing sanctions under Rule 37. F. E. Davis Plumbing Co., Inc. v. Ingleside W. Assocs., 37 N.C. App. 149, 153, 245 S.E.2d 555, 557, cert. denied, 295 N.C. 648, 248 S.E.2d 250 (1978). This Court will not overturn a sanctions ruling pursuant to Rule 37 absent a showing of abuse of that discretion. Brooks v. Giesey, 106 N.C. App. 586, 592, 418 S.E.2d 236, 239 (1992), aff'd, 334 N.C. 303, 432 S.E.2d 339 (1993). The test for abuse of discretion is whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision. Frost v. Mazda Motor of Am., Inc., 353 N.C. 188, 199, 540 S.E.2d 324, 331 (2000).
Under Rule 37, "where an answer to the complaint has been filed a party may move the court to order the answer stricken and if granted, for entry of default judgment against the disobedient party." O'Neal v. Murray, 105 N.C. App. 102, 104, 411 S.E.2d 628, 629-30 (1992). "[B]efore dismissing a party's claim with prejudice pursuant to Rule 37, the trial court must consider less severe sanctions." Hursey v. Homes by Design, Inc., 121 N.C. App. 175, 179, 464 S.E.2d 504, 507 (1995) (citing Goss v. Battle, 111 N.C. App. 173, 177, 432 S.E.2d 156, 159 (1993)). The trial court is not required to impose lesser sanctions, but only to consider lesser sanctions. Goss, 111 N.C. App. at 177, 432 S.E.2d at 159.
The sanctions imposed in this case were harsh. However, such a motion is left to the discretion of the trial court. Brooks, 106 N.C. App. at 592, 418 S.E.2d at 239. Here, Defendant's repeated failure to appear for a deposition, even after the trial courtentered an Order Compelling Discovery, was deliberate and an exercise of dilatory tactics. Defendant also failed to appear for a hearing after she was given notice of an Order to Appear.
Defendant argues that the Order for Sanctions was predicated upon prior erroneous orders. Defendant argues that the 24 April 2003 notice of a deposition was defective because it required Defendant to attend her deposition in an inappropriate county, Davidson County. "A resident of the State may be required to attend for examination by deposition only in the county wherein he resides or is employed or transacts his business in person." N.C. Gen. Stat. § 1A-1, Rule 30(b) (2003). At the time of the deposition Defendant's county of residence was Guilford County. However, Defendant did not move for a protective order or challenge the service until after the date of the deposition passed.
If a party fails "to appear before the person who is to take his deposition . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just." N.C. Gen. Stat. § 1A-1, Rule 37(d) (2003). "The failure to act described in this section may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c)." Id. Since Defendant failed to apply for a protective order as required by Rule 37(d), she cannot now argue that the deposition was objectionable. As Defendant's failure to attend the 21 May 2003 deposition was inexcusable, her argument, that the order forsanctions was based on a faulty interpretation of the facts and law, is unfounded.
It is in the trial court's discretion to issue sanctions. Brooks, 106 N.C. App. at 592, 418 S.E.2d at 239. The trial court's decision was not unreasonable or arbitrary. Frost, 353 N.C. at 199 540 S.E.2d at 331. Therefore, the trial court did not abuse its discretion in ordering sanctions imposed on Defendant.
Before striking Defendant's Answer and Counterclaim the trial court considered less severe sanctions. Hursey, 121 N.C. App. at 179, 464 S.E.2d at 507. In the Findings of Fact of the Order for Sanctions and Judgment by Default the trial court found:
This Court has considered Rule 37(b)(2) and all remedies available to the Plaintiffs under said rule. The Court has considered striking a portion of the Defendant's pleadings in this matter as a remedy to the Plaintiffs. However, there is only one issue to be determined in this case, which is reasonableness of attorney fees. The Court has considered holding the Defendant is[sic] contempt as a remedy to the Plaintiffs. However, the Defendant has been held in contempt and still refuses to abide by the rules of discovery. The Court has considered awarding the Plaintiffs' reasonable attorney fees. However, the Court has previously awarded attorney fees to the Plaintiff and the Defendant still refuses to abide by the rules of discovery. After consideration, the Court finds that under the circumstances in the case at bar, the only fair and just remedy is to enter judgment by default in favor of the Plaintiffs.
Since the trial court considered lesser sanctions, it was in its discretion to strike Defendant's Answer and Counterclaim and all other pleadings. Goss, 111 N.C. App. at 177, 432 S.E.2d at 159. As the trial court did not err in striking the Answer and Counterclaim, entry of a default judgment in favor of Plaintiffs was proper.
Defendant also argues that the trial court erred in awarding Plaintiffs attorney fees. However, since the Defendant cited no authority to support this argument, it is deemed abandoned. N.C. R. App. P. 28(b)(6).
Defendant also asserts numerous other assignments of error. Since there is no err in the entry of the default judgment, these do not need to be addressed. Regardless, we find no error as to the remaining assignments of error.
Affirmed.
Judges MCCULLOUGH and THORNBURG concur.
Report per Rule 30(e).