ELIZABETH ANN McCARLEY v. LESLIE HARVEY McCARLEY

No. 7426DC329

(Filed 2 January 1975)

1. **Rules of Civil Procedure § 41— affirmative relief sought by defendant — dismissal by plaintiff improper**

   A plaintiff may not dismiss his action by filing a notice of dismissal if to do so would defeat the rights of a defendant who has theretofore asserted some ground for affirmative relief, even though the plaintiff acts before resting his case; therefore, where defendant in the present action for absolute divorce filed answer affirmatively seeking a decree of absolute divorce, plaintiff could not thereafter defeat his rights by filing a notice of dismissal, and the trial court properly granted defendant's motion to set the notice of dismissal aside. G.S. 1A-1, Rule 41(a)(1).

2. **Rules of Civil Procedure § 15— "Application" for alimony — attempt to amend complaint — failure to comply with rule**

   Where plaintiff in this action for absolute divorce did not seek alimony in her complaint or allege therein that she was a dependent spouse or otherwise give notice in her pleading of any facts which would entitle her to an award of alimony, her filing of an "Application" for alimony some four and one-half months after the filing of her complaint was in effect an attempt to amend her complaint so as to assert a completely different cause of action; this she could do only by leave of court or by written consent of the adverse party, neither of which she sought or obtained. G.S. 1A-1, Rule 15.

McCarley v. McCarley

APPEAL by plaintiff from *Robinson, District Judge*, 10 December 1973 Session of District Court held in MECKLENBURG County.

Plaintiff wife brought this action against her husband on 24 July 1973 seeking an absolute divorce on the grounds of one year's separation. On 9 August 1973 defendant answered admitting all allegations in the complaint and joining in the prayer for relief. On 18 November 1973 plaintiff's counsel filed a "Notice of Dismissal," giving notice that the action was dismissed without prejudice.

On 7 December 1973 plaintiff filed in the cause a verified document entitled "Application for Alimony Pursuant to N.C.G.S. Sec. 50-16.8 (b) (1)." In this, plaintiff referred to the Notice of Dismissal which she had previously filed and stated that she "does not seek, nor does she intend to obtain, an absolute divorce by virtue of the Complaint filed herein." Plaintiff alleged that she is a dependent spouse actually substantially dependent upon the defendant for maintenance and support, that defendant had rendered her condition intolerable and her life burdensome by various alleged acts of misconduct, and that defendant was able-bodied and gainfully employed.

When the cause came on for hearing, the court allowed defendant's motion to set aside plaintiff's Notice of Dismissal on the ground that prior to the filing of the Notice defendant had filed answer seeking affirmative relief. Plaintiff then moved for a stay of the proceeding, giving as reasons, first, that a prior action was pending involving the same parties, in which action plaintiff had asserted a cause of action for alimony pendente lite, permanent alimony, custody of the minor children of the parties, and support for the children, and had received an award of temporary alimony but in which prior action no trial on the merits had yet been had, and second, as additional grounds for the motion to stay, plaintiff referred to the "Application" for an award of alimony which she had made in this cause. The court denied plaintiff's motion to stay and, neither party having demanded a jury trial, proceeded to hear evidence. Defendant testified as to the residence of the parties, their marriage, and their separation. On cross-examination, he testified that he had left the home of the parties only because the court in the prior proceeding had ordered him to do so and that he had been supporting his children and paying temporary alimony to his wife under a court order in that action. At conclusion of defend-

McCarley v. McCarley

ant's testimony, the court denied plaintiff's motion that the court consider her application for permanent alimony filed in this cause, and entered judgment making findings of fact as to the residence, marriage, and separation of the parties. On these findings the court decreed the marriage dissolved and granted an absolute divorce. Plaintiff appealed.

*Lila Bellar for plaintiff appellant.*

*Hamel, Cannon & Hamel, P.A., by Thomas R. Cannon for defendant appellee.*

PARKER, Judge.

[1]  Plaintiff first assigns error to the court's action in granting defendant's motion to set aside her notice of dismissal. Plaintiff contends that under G.S. 1A-1, Rule 41 (a) (1), a plaintiff in a civil action has the unfettered right to have the action dismissed by filing a notice of dismissal at any time before the plaintiff rests his case, regardless of whether defendant has filed an answer seeking affirmative relief. We do not agree.

Prior to adoption of our new Rules of Civil Procedure, it was settled practice in this State that when the defendant had asserted no counterclaim and demanded no affirmative relief, the plaintiff might take a voluntary nonsuit as a matter of right at any time before the verdict, *Mitchell v. Jones,* 272 N.C. 499, 158 S.E. 2d 706 (1968), but he was not allowed to do so when the defendant had set up some ground for affirmative relief. The rule in this regard was stated in 2 McIntosh, N. C. Practice and Procedure 2d, § 1645, at pages 124 and 125, as follows:

> "While the plaintiff may generally elect to enter a nonsuit, 'to pay the costs and walk out of court,' in any case in which only his cause of action is to be determined, although it might be an advantage to the defendant to have the action proceed and have the controversy finally settled, he is not allowed to do so when the defendant has set up some ground for affirmative relief or some right or advantage of the defendant has supervened, which he has the right to have settled and concluded in the action. If the defendant sets up a counterclaim arising out of the same transaction alleged in the plaintiff's complaint, the plaintiff cannot take a nonsuit without the consent of the defendant; but if it is an independent counterclaim, the plaintiff may elect to be nonsuited and allow the defendant to proceed with his claim."

This rule was held to apply to actions for divorce. *Cox v. Cox*, 246 N.C. 528, 98 S.E. 2d 879 (1957).

Rule 41(a) (1) of our new Rules of Civil Procedure, as first enacted by Sec. 1 of Chap. 954 of the 1967 Session Laws, was patterned closely upon the cognate Federal Rule and provided that an action or any claim therein might be dismissed by the plaintiff without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment. Before the new Rules became effective, however, Rule 41(a) (1) was amended by Sec. 10 of Chap. 895 of the 1969 Session Laws, so that as the Rule became effective and as it presently exists "an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case." This had the effect of changing our former practice only to the extent that the plaintiff desiring to take a voluntary nonsuit must now act before he rests his case, whereas under our former practice he could do so at any time before the verdict. In other respects, however, our former practice was not expressly changed by Rule 41(a) (1) as it finally became effective. We hold, therefore, that our former practice still applies and that a plaintiff may not dismiss his action by filing a notice of dismissal if to do so would defeat the rights of a defendant who has theretofore asserted some ground for affirmative relief, even though the plaintiff acts before resting his case. The defendant in the present case having filed answer affirmatively seeking a decree of absolute divorce, plaintiff could not thereafter defeat his rights by filing a notice of dismissal, and the trial court properly granted defendant's motion to set the notice of dismissal aside.

[2]  We also find no error in the court's denial of plaintiff's motion to stay the proceeding. Pendency of the prior action for alimony without divorce would not in itself prevent the court from proceeding to judgment in this action. Plaintiff offered no reason why a final hearing had not been had in the prior action, which apparently had been pending for more than a year before plaintiff herself commenced this action for an absolute divorce. Nor would filing of the "Application" for alimony in this action bar the court from proceeding to judgment. It is true, of course, that G.S. 50-16.8 (b) (1) authorizes an order for payment of alimony upon application of the dependent spouse in an action by such spouse for divorce, either absolute or from

bed and board. But plaintiff made no such application in her complaint nor did she allege therein that she was a dependent spouse or otherwise give notice in her pleading of any facts which would entitle her to an award of alimony. By filing the "Application" for an award of alimony in this proceeding, plaintiff was in effect attempting to amend her complaint so as to assert a completely different cause of action. This she could do only by leave of court or by written consent of the adverse party, G.S. 1A-1, Rule 15, neither of which she sought or obtained.

The judgment appealed from is

Affirmed.

Judges HEDRICK and VAUGHN concur.