ANNETTE ALSTON, Plaintiff v. DUKE UNIVERSITY, a corporation, d/b/a Duke University Medical Center and/or Duke University Ob/Gyn Clinic; Private Diagnostic Clinic, L.L.P.; CHAPEL HILL OBSTETRICS & GYNECOLOGY, P.A.; VIVIAN E. CLARK, M.D.; and KELLY ALEXANDER, M.D., Defendants

No. COA98-677

(Filed 20 April 1999)

**1. Discovery— schedule—modification—discretion of court**

The trial court was well within its discretion in a medical malpractice action when it denied amendment of a discovery scheduling order. Plaintiff's contention that her proposed schedule would not result in delay was speculative at best.

**2. Trials— voluntary dismissal—summary judgment not submitted—case not rested**

A summary judgment order for defendants in a medical malpractice action was vacated where the plaintiff's attorney made every effort to have the court rule on her motion to amend a discovery scheduling order prior to the court hearing defendants' summary judgment motions and attempted to take a voluntary dismissal after the motion for a new schedule was denied. Plaintiff had not submitted the issue of summary judgment to the court for determination and is not deemed to have rested her case at that point.

Appeal by plaintiff from order filed 2 December 1997 by Judge Henry V. Barnette, Jr. in Durham County Superior Court. Heard in the Court of Appeals 16 March 1999.

*Perry, Perry & Perry, P.A., by Robert T. Perry and Matthew M. Cook, for plaintiff-appellant.*

*Moore & Van Allen, PLLC, by William E. Freeman, for defendant-appellees Duke University Medical Center, Private Diagnostic Clinic, L.L.P., and Kelly Alexander, M.D.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Deanna L. Davis, for defendant-appellees Chapel Hill Obstetrics & Gynecology, P.A., and Vivian E. Clark, M.D.*

GREENE, Judge.

Annette Alston (Plaintiff) appeals from the trial court's order denying Plaintiff's motion to amend the discovery scheduling order and granting summary judgment for Duke University, Private Diagnostic Clinic, Chapel Hill Obstetrics & Gynecology, P.A., Vivian E. Clark, M.D., and Kelly Alexander, M.D. (collectively, Defendants).

Plaintiff filed her medical malpractice complaint on 16 January 1997,[1] and Defendants filed answers during February and March of 1997. On 3 July 1997, a consent order was entered by the trial court scheduling discovery. Pursuant to that order, Plaintiff was to designate all expert witnesses she intended to call at trial by 1 August 1997, and to have these expert witnesses available for deposition by 1 October 1997. Defendants were required to designate all expert witnesses they intended to call at trial by 1 November 1997, and to have them available for deposition by 1 January 1998. All discovery was to be completed by 1 March 1998, in order to provide "a period of thirty (30) days prior to trial during which no discovery or depositions will be taken so that the parties can prepare for the trial without being hampered by discovery or depositions." The parties consented to "confer with the Court to schedule this case for trial sometime after April 1, 1998."

Plaintiff named one expert witness, Orlan Vincent Wade Masters, M.D. (Dr. Masters), and he was deposed by Defendants pursuant to the terms of the discovery scheduling order. Following Dr. Masters' deposition, Defendants filed motions for summary judgment, contending Dr. Masters was unqualified to testify at trial as an expert

---

1. Plaintiff initially named Durham County Hospital Corporation as an additional defendant, but voluntarily dismissed her claims against Durham County Hospital Corporation with prejudice on 13 November 1997.

witness, and contending Plaintiff had been contributorily negligent as a matter of law. Plaintiff then filed a motion to amend the discovery scheduling order so she could name an additional expert witness.

On 1 December 1997, a hearing was held before the trial court on both Plaintiff's and Defendants' motions. At that hearing, Plaintiff's attorney informed the trial court that "our motion [to amend the discovery scheduling order] has a direct bearing on the defense motion for summary judgment, that's why we wish to be heard first." Plaintiff contended the motion to amend was required under Rule 26 because it would not result in delay of the trial. Defendants contended that amending the discovery scheduling order was within the discretion of the trial court and should not be allowed. Then, with the court's permission, Defendants argued their summary judgment motions. Plaintiff's attorney, instead of arguing in opposition to Defendants' summary judgment motions, stated to the trial court:

I think that the defense is really focusing on the wrong issue. We do want our motion to amend the consent discovery order heard through because it has a direct bearing on, as I think you understand, basically all of their arguments for their summary judgment motion. It is all based on their opinion that Dr. Masters is not qualified under Rule 702 as an expert witness in this case. And we believe that Dr. Masters does qualify as an expert witness and would be qualified in a court of law.

However, that is not the issue that we're trying to decide right now. What we need to decide first, is whether or not plaintiff should be allowed to amend [the] discovery scheduling order and designate an additional expert witness. If the plaintiff is going to be allowed to do that as plaintiff, I believe, is allowed to, under the Rules of Civil Procedure, then all of these arguments that they're making really are premature and should go out the window because plaintiff has and can designate an expert witness who will qualify and will not have the same problems that they have with respect to Dr. Masters in regards to his, you know, not performing the operation personally, you know, in the past twenty-five years. And then their objections related to, you know, the failure to qualify as an expert witness do not arise. And so we really need to have that issue heard first before we really go on to address the other issues that they're raising with regards to their summary judgment motion.

The trial court then asked Plaintiff's attorney: "What about their argument that your client was contributorily negligent as a matter of law?" Plaintiff's attorney responded: "Well, Your Honor, there again it focuses on the wrong issue." He then proceeded to respond to the trial court's question, and afterwards stated:

> Again, Your Honor, I'm resisting responding to these allegations from the defendants before I get the ruling on whether or not we're going to be allowed to amend the discovery order. And I do believe that these are separate, independent motions because if we're going to be allowed to amend, then much of what they're saying, if not all of what they're saying, is going to not be applicable right now.

> And so, if you're going to deny [Plaintiff's] motion [to amend the discovery scheduling order], then there is a whole host of responses to be made to their motions, I suppose.

The trial court then orally denied Plaintiff's motion to amend the discovery scheduling order. Plaintiff's attorney immediately stated: "[I]n light of that ruling . . . we feel that the plaintiff has no choice but to enter into a voluntary dismissal of this action without prejudice against defendants in this case." Defendants contended Plaintiff had argued against summary judgment, and had therefore rested her case prior to seeking voluntary dismissal. The trial court agreed, and granted Defendants' motions for summary judgment.

The issues are whether: (I) the trial court erred in denying Plaintiff's motion to amend the discovery scheduling order; and (II) Plaintiff rested her case prior to seeking voluntary dismissal.

I

[1] Rule 26 of our Rules of Civil Procedure sets forth general discovery guidelines. *See* N.C.G.S. § 1A-1, Rule 26 (1990). In medical malpractice actions, the trial court shall:

> Establish by order an appropriate discovery schedule designated so that, unless good cause is shown at the conference for a longer time, and subject to further orders of the court, discovery shall be completed within 150 days after the order is issued; nothing herein shall be construed to prevent any party from utilizing any procedures afforded under Rules 26 through 36, so long as trial or any hearing before the court is not thereby delayed . . . .

ALSTON v. DUKE UNIVERSITY

[133 N.C. App. 57 (1999)]

N.C.G.S. § 1A-1, Rule 26(f1)(3). Orders involving discovery matters are ordinarily within the trial court's discretion. *Hudson v. Hudson*, 34 N.C. App. 144, 145, 237 S.E.2d 479, 480, *disc. review denied*, 293 N.C. 589, 239 S.E.2d 264 (1977).

In this case, Plaintiff contends Rule 26(f1) required the trial court to allow an amendment to the discovery scheduling order because Plaintiff had proposed a schedule with the same ultimate deadline as was contained within the original discovery scheduling order. Plaintiff's contention that no delay would result, however, is speculative at best. Although Plaintiff's proposed schedule is presumably feasible for Plaintiff, it may not be feasible for Defendants, who would need to schedule depositions of any new experts Plaintiff named. Accordingly, the trial court was well within its discretion to deny amendment of the discovery scheduling order in this case.

## II

**[2]** Prior to the adoption of Rule 41, a plaintiff could take a voluntary nonsuit as a matter of right "at any time before the verdict" if the defendant had asserted no counterclaim and had demanded no affirmative relief. *McCarley v. McCarley*, 24 N.C. App. 373, 375, 210 S.E.2d 531, 532 (1975), *rev'd in part on other grounds*, 289 N.C. 109, 221 S.E.2d 490 (1976) (expressly agreeing with the Court of Appeals' Rule 41 holding). Rule 41(a)(1) was initially "patterned closely upon the cognate Federal Rule and provided that an action . . . might be dismissed by the plaintiff without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." *Id.* at 376, 210 S.E.2d at 533. Rule 41 was amended prior to its effective date, however, to allow voluntary dismissal by a plaintiff "at any time before the plaintiff rests his case." *Id.*; N.C.G.S. § 1A-1, Rule 41(a)(1).

For purposes of summary judgment motions, this Court holds that the record must show that plaintiff has been given the opportunity at the hearing to introduce any evidence relating to the motion and to argue his position. *Having done so and submitted the matter to the [trial court] for determination*, plaintiff will then be deemed to have "rested his case" for the purpose of summary judgment and will be precluded thereafter in dismissing his case pursuant to Rule 41 during the pendency of the summary judgment motion.

*Wesley v. Bland,* 92 N.C. App. 513, 515, 374 S.E.2d 475, 477 (1988) (emphasis added) (holding the plaintiffs could take a voluntary dismissal immediately following the defendants' arguments for summary judgment where the plaintiffs had not yet argued in opposition to the summary judgment motion); *Troy v. Tucker,* 126 N.C. App. 213, 484 S.E.2d 98 (1997) (holding the plaintiff had "rested" her case where summary judgment had been argued by the parties three days before the plaintiff attempted to take a voluntary dismissal).

In this case, Plaintiff's attorney made every effort to have the trial court rule on Plaintiff's motion to amend the discovery scheduling order prior to hearing Defendants' summary judgment motions. Plaintiff's attorney made it clear that he had not made his arguments against summary judgment, and did not want to do so until after the trial court's ruling on Plaintiff's motion. As soon as the trial court ruled on Plaintiff's motion to amend the discovery scheduling order, Plaintiff took a voluntary dismissal of the action without arguing against summary judgment. Indeed, the comments made by Plaintiff's attorney which may be construed as an argument against summary judgment were only in response to the trial court's direct question on that subject. Plaintiff specifically had not submitted the issue of summary judgment to the trial court for determination. Accordingly, Plaintiff is not deemed to have rested her case at that point, and was free to take a voluntary dismissal of the action. Following Plaintiff's voluntary dismissal, this action was not pending before the trial court. It follows that the trial court's summary judgment order must be vacated.

Affirmed in part and vacated in part.

Judges LEWIS and HORTON concur.