ANGELA G. WILLIAMS, Plaintiff v. WAYNE E. POLAND and NASH-ROCKY MOUNT BOARD OF EDUCATION, Defendants

No. COA02-353

(Filed 17 December 2002)

**1. Appeal and Error— appealability—interlocutory order—writ of certiorari**

Assuming arguendo that this appeal from the grant of plaintiff's motion for voluntary dismissal without prejudice is an appeal from an interlocutory order, the Court of Appeals elects to consider the appeal by granting appellant's petition for writ of certiorari under N.C. R. App. P. 21(a)(1).

**2. Civil Procedure— Rule 41(a) motion to dismiss without prejudice—Rule 12(b)(6) motion to dismiss**

The trial court did not err in an action arising out of an automobile accident by granting plaintiff's motion to dismiss without prejudice under N.C.G.S. § 1A-1, Rule 41(a), because defendants' N.C.G.S. § 1A-1, Rule 12(b)(6) motion to dismiss was not a

request for affirmative relief that cancelled plaintiff's ability to voluntarily dismiss her case without prejudice.

Judge GREENE concurring in a separate opinion.

Appeal by defendants from order entered 3 October 2001 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 12 November 2002.

*Kellum Law Firm, by Douglas B. Johnson, for plaintiff-appellee.*

*Valentine, Adams & Lamar, L.L.P., by L. Wardlaw Lamar and Lewis W. Lamar, Jr., for defendant-appellants.*

EAGLES, Chief Judge.

Wayne E. Poland and the Nash-Rocky Mount Board of Education ("defendants") appeal from an order allowing Angela G. Williams ("plaintiff") to take a voluntary dismissal of her case against defendants without prejudice.

The evidence tends to show the following. Plaintiff was involved in an automobile collision with defendant Poland on 25 April 2000. Poland was an employee of the Nash-Rocky Mount Board of Education ("Board"). Plaintiff alleges that Poland was acting within the scope of his employment when he negligently caused the collision that resulted in injuries to plaintiff. Plaintiff contends that defendant Poland failed to stop his vehicle despite a steady red traffic light in Poland's direction. G.S. § 20-158(b)(2) (2001). As a result of the collision, plaintiff was injured and her car was damaged.

Plaintiff's complaint was served on both defendants on 6 June 2001. Defendants' answer was filed on 29 June 2001. The answer contained three pre-answer motions to dismiss as a result of lack of subject matter jurisdiction, lack of jurisdiction over the person, and failure to state a claim upon which relief can be granted. G.S. § 1A-1, Rule 12(b)(1), (b)(2), and (b)(6) (2001). Additionally, defendants' answer pled the defenses of governmental immunity and contributory negligence by plaintiff. Defendants then amended their pre-answer motions to move for dismissal as a result of lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted, based upon defendants' claim of governmental immunity. Plaintiff requested a hearing on her motion to amend the complaint as a result of defendants' amended motions

WILLIAMS v. POLAND

[154 N.C. App. 709 (2002)]

to dismiss. The trial court dismissed plaintiff's case with prejudice before hearing plaintiff's motion to amend and defendants' motion to dismiss. Plaintiff requested a dismissal without prejudice but the trial court denied that request.

Plaintiff moved for relief pursuant to G.S. § 1A-1, Rule 60. The trial court reversed its previous order of dismissal with prejudice and granted plaintiff's motion for voluntary dismissal without prejudice. From this order, defendants appeal. After careful review of the record and briefs, we affirm.

[1] An interlocutory order is defined as "one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). "An appeal does not lie . . . from an interlocutory order of the Superior Court, unless such order affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment." *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381. Assuming, *arguendo*, that the case here is an interlocutory appeal, we elect to consider the appeal by granting appellant's petition for writ of certiorari according to N.C.R. App. P. 21(a)(1). *See* N.C.R. App. P. 21 (a)(1). ("The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review . . . when no right of appeal from an interlocutory order exists.")

[2] Defendants contend that the trial court committed reversible error by allowing the plaintiff to enter a voluntary dismissal without prejudice. We disagree.

Rule 41(a) of the North Carolina Rules of Civil Procedure allows a plaintiff to voluntarily dismiss her own lawsuit without prejudice. G.S. § 1A-1, Rule 41(a) (2001). Our Supreme Court held that the only limitations on use of the voluntary dismissal are "that the dismissal not be done in bad faith and that it be done prior to a trial court's ruling dismissing plaintiff's claim or otherwise ruling against the party at any time prior to plaintiff resting his or her case." *Brisson v. Santoriello*, 351 N.C. 589, 597, 528 S.E.2d 568, 573 (2000). In addition, "a plaintiff may not dismiss his action by filing Notice of Dismissal if to do so would defeat the rights of a defendant who has theretofore asserted some ground for affirmative relief." *McCarley v. McCarley*, 24 N.C. App. 373, 376, 210 S.E.2d 531, 533 (1975), *modified on other grounds*, 289 N.C. 109, 221 S.E.2d 490 (1976).

WILLIAMS v. POLAND

[154 N.C. App. 709 (2002)]

Defendants contend that their assertion of a Rule 12(b)(6) motion constitutes a ground for affirmative relief that prevents plaintiff from entering a voluntary dismissal without prejudice. We disagree. A request for affirmative relief has been defined by this Court as "relief for which defendant might maintain an action independently of plaintiff's claim and on which he might proceed to recovery, although plaintiff abandoned his cause of action or failed to establish it." *Kohn v. Mug-A-Bug*, 94 N.C. App. 594, 596, 380 S.E.2d 548, 550 (1989), *overruled on other grounds, Bryson v. Sullivan*, 330 N.C. 644, 412 S.E.2d 327 (1992). Here, the Rule 12(b)(6) motion to dismiss by defendants cannot survive independently without the plaintiff's underlying claim. Therefore, the Rule 12(b)(6) motion to dismiss is not a request for affirmative relief that cancels plaintiff's ability to voluntarily dismiss her case without prejudice. This assignment of error is overruled.

We hold that the trial court properly granted plaintiff's motion for dismissal without prejudice. In addition, we deny defendants' motion for extension of time to file the settled record on appeal. We also deny plaintiff's motion to dismiss defendants' appeal as interlocutory.

Affirmed.

Judge MARTIN concurs.

Judge GREENE concurs with separate opinion.

GREENE, Judge, concurring.

I agree with the majority as to merits of defendants' appeal. I write separately, however, to point out that defendants did not appeal from an interlocutory order and, therefore, a writ of certiorari is not necessary to hear this appeal.

As stated by the majority, "[a]n interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950); *see also Blackwelder v. Dept. of Hum. Res.*, 60 N.C. App. 331, 333, 299 S.E.2d 777, 779 (1983) (a ruling is interlocutory if it "directs some further proceeding preliminary to final decree"). When a case is dismissed, with or without prejudice, no further action is required of the trial court in order to settle or determine the controversy between the parties. *See Ward v. Taylor*,

68 N.C. App. 74, 78, 314 S.E.2d 814, 818 (1984) ("[i]t is well established that where [the] plaintiff takes a voluntary dismissal pursuant to G.S. 1A-1, Rule 41(a)(1), no suit is pending thereafter on which the court could make a final order"); *Collins v. Collins*, 18 N.C. App. 45, 50, 196 S.E.2d 282, 286 (1973) (the plaintiff's voluntary dismissal of a prior action "was a final termination of that action and . . . no valid order could be made thereafter in that cause"). Accordingly, the trial court's order dismissing plaintiff's case without prejudice is not interlocutory and defendants have a right to appeal from this order. *See Miller v. Ferree*, 84 N.C. App. 135, 136, 351 S.E.2d 845, 847 (1987) (holding appeal from an order dismissing action without prejudice was properly before this Court).