Foster Biodevice, LLC v. Cantrell, 2016 NCBC 51.

STATE OF NORTH CAROLINA

GUILFORD COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 3729

FOSTER BIODEVICE, LLC,

        Plaintiff,

v.

BARRY L. CANTRELL, RICHARD
KENT RIDDLE, PAINBLOX, INC.,
and LIFE CARE MEDICAL DEVICES
LIMITED, INC.,

        Defendants.

**ORDER AND OPINION ON
DEFENDANTS' MOTIONS TO SET ASIDE
VOLUNTARY DISMISSAL, FOR
SUMMARY JUDGMENT, AND TO
DISMISS FOR FAILURE TO PROSECUTE**

{1}    **THIS MATTER** is before the Court upon Defendants Barry L. Cantrell, Richard Kent Riddle, Painblox, Inc., and Life Care Medical Devices Limited, Inc.'s (collectively, "Defendants") Motion to Set Aside Voluntary Dismissal (filed May 26, 2016) (the "Motion to Set Aside Dismissal"), Motion for Summary Judgment (filed May 9, 2016) (the "Motion for Summary Judgment"), and Motion to Dismiss for Failure to Prosecute (filed May 9, 2016) (the "Motion to Dismiss") (collectively, the "Motions").

{2}    After considering the Motions, the Parties' briefs in support of and in opposition to the Motions, the appropriate information of record, and arguments of counsel at the hearing held on the Motions, the Court hereby **DENIES** Defendants' Motion to Set Aside Dismissal. As a result of this ruling, the Court **DENIES** as moot Defendants' Motion for Summary Judgment and Defendants' Motion to Dismiss.

    *Poyner Spruill LLP, by Eric P. Stevens, for Plaintiff Foster Biodevice, LLC.*

    *Wyrick Robbins Yates & Ponton LLP, by Charles George and Kevin J. Stanfield, for Defendants Barry L. Cantrell, Richard Kent Riddle, Painblox, Inc., and Life Care Medical Devices Limited, Inc.*

Robinson, Judge.

I.

PROCEDURAL AND FACTUAL BACKGROUND

{3}    Plaintiff instituted this action on February 25, 2015 by filing a Complaint seeking a declaratory judgment, injunctive relief, a constructive trust, and damages for conversion relating to alleged ownership of patent improvements.  Plaintiff's claim for a declaratory judgment asserted that

> Plaintiff is entitled to a declaratory judgment . . . that all right, title, and interest in and to the DPI Improvements and the Challenged Application belong to Plaintiff, that the purported assignments of the Challenged Application from Riddle and Cantrell to Painblox, and from Painblox to Life Care, were void and had no effect, and that Defendants have no right, title, or interest in or to the DPI Improvements or the Challenged Application.

(Pl.'s Compl. ¶ 31.)

{4}    The matter was designated a mandatory complex business case on March 3, 2015, and assigned to this Court (Bledsoe, J.) on the same day.

{5}    Defendants filed their Answer on April 10, 2015.  Defendants' Answer included numerated responses to each allegation of Plaintiff's Complaint, asserted various affirmative defenses, and concluded with a prayer for relief that included, among other things, a request

> [t]hat the Court enter a declaratory judgment finding that all right, title and interest to the in the [sic] improvements that are the subject of USPA No. 13/886,871 and U.S. Application Serial Number 61/042,167, and any intellectual property to which it relates are solely owned by Life Care and that Plaintiff has no such right, title or interest; or alternatively that the Court enter a declaratory judgment that all right, title and interest to the improvements that are the subject of USPA No. 13/886,871 are solely owned by Life Care.

(Defs.' Answer 11.)

{6}    Following the completion of discovery pursuant to the Court's Case Management Order entered June 5, 2015, and mediation of the case, Plaintiff's counsel filed a Motion to Withdraw as Counsel on February 26, 2016.  In the Motion, Plaintiff's counsel contended that he was entitled to withdraw because Plaintiff had failed to pay for the legal services he and his firm rendered to Plaintiff.  Defendants

did not oppose this request, and the Court (Bledsoe, J.) entered an Order on March 7, 2016 permitting Plaintiff's counsel to withdraw. The Order permitting withdrawal was served on Plaintiff. In addition to permitting Plaintiff's counsel to withdraw, and because a corporate entity involved in litigation in the North Carolina Business Court must be represented by a licensed attorney, *see LexisNexis v. Travishan Corp.*, 155 N.C. App. 205, 207, 573 S.E.2d 547, 548 (2002), the Order (i) provided for a period of time, extending through April 6, 2016, within which Plaintiff, a limited liability company, could locate and retain replacement counsel, and (ii) set a hearing for April 26, 2016, at which time the Court would discuss with counsel trial and pretrial scheduling.

{7} On April 25, 2016, the day before the scheduled hearing, and because no substitute/successor counsel for Plaintiff had made an appearance or indicated involvement in the matter, Defendants filed, and served upon Plaintiff, a motion to postpone the hearing scheduled for the next day and to extend the deadline for filing dispositive motions. The Court (Bledsoe, J.) granted the motion on April 25, 2016 and extended the deadline for filing dispositive motions to May 9, 2016.

{8} On May 9, 2016, Defendants, through counsel, filed the Motion for Summary Judgment and the Motion to Dismiss along with a supporting brief and affidavits. To date, Plaintiff has filed not filed a response in opposition to these motions.

{9} Rather than respond substantively to the Motion for Summary Judgment and Motion to Dismiss, Plaintiff, through its former counsel, filed a Notice of Limited Appearance and Voluntary Dismissal Without Prejudice on May 25, 2016, before any responses to Defendants' Motion for Summary Judgment and Motion to Dismiss were due. In the filing, Plaintiff's former counsel indicated that he was "making a limited appearance . . . for the sole purpose of filing [the document]."

{10} The next day, on May 26, 2016, in response to the filing of the Notice of Voluntary Dismissal, Defendants filed their Motion to Set Aside Dismissal and Memorandum in Support.

{11}   On June 14, 2016, Plaintiff, again through its former counsel, filed a document entitled "Memorandum Opposing Plaintiff's [sic] Motion to Set Aside Voluntary Dismissal."  In the first paragraph of that document, Plaintiff's counsel indicated that he was "appear[ing] specially on behalf of Plaintiff Foster Biodevice, LLC for the sole purpose of submitting this Memorandum . . . ."

{12}   Defendants have not filed a reply brief in support of their Motion to Set Aside Dismissal.

{13}   The case was reassigned to the undersigned on July 5, 2016.  On July 6, 2016, the Court conducted a telephonic hearing on the pending Motions, at which all counsel were present.  The Motions are now ripe for resolution.

II.

ANALYSIS

A.   Defendants' Motion to Set Aside Dismissal

{14}   Defendants' Motion to Set Aside Dismissal requests that the Court deem ineffective and set aside the Voluntary Dismissal filed by Plaintiff's counsel.  The authority of this Court to entertain such a motion has been recently confirmed by this Court in a thorough and well-reasoned decision by Judge Bledsoe.  *See BB&T BOLI Plan Trust v. Mass. Mut. Life Ins. Co.*, 2016 NCBC LEXIS 36, at *9 (Apr. 29, 2016).

{15}   In general, plaintiffs have broad power under Rule 41(a) of the North Carolina Rules of Civil Procedure to voluntarily dismiss their claims, with or without the consent of opposing parties, at any time before they "rest" their case.  N.C. R. Civ. P. 41(a)(1).  Indeed, "[t]he general rule is that once a plaintiff takes a Rule 41(a)(1) dismissal, 'there is nothing the defendant can do to fan the ashes of that action into life[,] and the court has no role to play.'"  *BB&T*, 2016 NCBC LEXIS 36, at *12 (quoting *Brisson v. Sullivan*, 351 N.C. 589, 593, 528 S.E.2d 568, 570 (2000)).

{16}   Despite this general rule, "a plaintiff may not dismiss his action by filing a notice of dismissal if to do so would defeat the rights of a defendant who has theretofore asserted some ground for affirmative relief, even though the plaintiff acts before resting his case."  *Seagraves v. Seagraves*, 206 N.C. App. 333, 339, 698 S.E.2d 155, 161 (2010) (citing *McCarley v. McCarley*, 24 N.C. App. 373, 376, 210 S.E.2d 531,

533 (1975), *rev'd in part on other grounds*, 289 N.C. 109, 221 S.E.2d 490 (1976) (expressly agreeing with the Court of Appeals' Rule 41 holding)); *see also, e.g.*, *Maurice v. Hatterasman Motel Corp.*, 38 N.C. App. 588, 592, 248 S.E.2d 430, 433 (1978) ("Where defendant sets up a claim for affirmative relief against plaintiffs arising out of the same transactions alleged by plaintiffs, plaintiffs cannot take a voluntary dismissal under Rule 41 without the consent of defendant."); *Swygert v. Swygert*, 46 N.C. App. 173, 177, 264 S.E.2d 902, 904–05 (1980) (same).

{17}   Defendants contend that they asserted such a claim for affirmative relief that prevents Plaintiff from voluntarily dismissing its claims without Defendants' consent, which they have not given.  It is undisputed that Defendants failed to denominate any part of their Answer as a counterclaim.  Nonetheless, Defendants point to several paragraphs of the Answer, as well as the prayer for relief contained therein, and contend that their Answer should be fairly read as asserting a counterclaim requesting that a declaratory judgment be entered in their favor finding that Defendant Life Care Medical Devices Limited, Inc. owned any intellectual property at issue in the litigation and that Plaintiff had no interest in any such property.

{18}   Relying principally on *McCarley*, 289 N.C. 109, 221 S.E.2d 490, Defendants argue that the failure to denominate their request for entry of a declaratory judgment contained in the prayer for relief as a "Counterclaim" is not determinative; rather, Defendants contend that the act of including a request for a declaratory judgment in their favor as one of the paragraphs in their prayer for relief is sufficient to be deemed a request for affirmative relief.  Indeed, in *McCarley*, the North Carolina Supreme Court held, in a divorce proceeding, that a defendant's answer admitting plaintiff's allegations together with a prayer for relief "that . . . the parties hereto be granted a divorce from each other" prevented plaintiff's voluntary dismissal because the defendant's answer "was, in effect, a counterclaim seeking affirmative relief and arising out of the same transactions alleged in the complaint."  *McCarley*, 289 N.C. at 113, 221 S.E.2d at 493.

{19}     The Court is not persuaded that the Supreme Court's holding in *McCarley* or its progeny compel the same conclusion here.  In *McCarley*, the plaintiff wife filed a verified complaint praying for absolute divorce from her husband, the defendant.  The defendant thereafter filed an answer which admitted all of the relevant allegations of plaintiff's complaint and stated that defendant "joins in [plaintiff's] prayer for relief, and prays the Court that . . . the parties hereto be granted a divorce from each other."  *Id.* at 113, 221 S.E.2d at 493.  The Supreme Court ruled that Plaintiff's attempt to dismiss the action without prejudice should be set aside.  The court reasoned that this was the correct result because "it would be manifestly unjust to allow a plaintiff, who comes into court upon solemn allegations which, if true, entitle defendant to some affirmative relief against the plaintiff, to withdraw, *ex parte*, the allegations after defendant has demanded the relief to which they entitle him."  *Id.*  The court further defined "affirmative relief" as "that for which the defendant might maintain an action entirely independent of plaintiff's claim, and which he might proceed to establish and recover even if plaintiff abandoned his cause of action . . . ."  *Id.* at 113–14, 221 S.E.2d at 493–94 (quoting *Rhein v. Rhein*, 69 N.W.2d 657, 659 (Minn. 1955)).

{20}     Here, in contrast to *McCarley*, Defendants concede that they denied, rather than admitted, the material allegations of Plaintiff's Complaint and that they seek relief that is directly contrary to the relief sought by Plaintiff.  (Defs.' Mem. Supp. Mot. Set Aside Dismissal 2.)  Therefore, the procedural premise upon which the Supreme Court's decision was based is not present here: Defendants have not admitted the material allegations of the Complaint nor do they base their purported claim on what Plaintiff alleges. Moreover, the fact that neither Plaintiff nor Defendants treated Defendants' prayer for relief as a counterclaim at any point in the litigation prior to Defendants' filing of their Motion to Set Aside Dismissal suggests that none of the parties viewed Defendants' prayer as anything but a standard request that the Court deny Plaintiff's requested relief.  The Court concludes that, unlike in *McCarley*, it would not be manifestly unjust to allow Plaintiff to voluntarily dismiss its claims against Defendants, as Rule 41(a) provides Plaintiff broad power

to do. As a result of the factual and procedural differences between this case and *McCarley*, the Court is not persuaded that it should denominate Defendants' Answer as a Counterclaim, thereby depriving Plaintiff of the right to dismiss its action voluntarily before it rests.

{21} The North Carolina appellate decisions applying *McCarley* to prohibit a plaintiff from voluntarily dismissing its case without prejudice have done so where, unlike here, the defendant has specifically pleaded a counterclaim arising out of the same transaction or occurrence. *See, e.g., Layell v. Baker*, 46 N.C. App. 1, 6, 264 S.E.2d 406, 410 (1980) ("[W]e conclude that defendant's assertion of that counterclaim . . . could effectively deprive plaintiff . . . of his right under Rule 41 to dismiss his own claim."); *Bradley v. Bradley*, 206 N.C. App. 249, 254, 697 S.E.2d 422, 426 (2010) ("Because defendant filed her answer and counterclaims before plaintiff filed the notice of voluntary dismissal . . . , her right to have her claims adjudicated "supervened," and plaintiff no longer had the right to withdraw his first two claims without defendant's consent."); *Seagraves*, 206 N.C. App. at 340, 698 S.E.2d at 162 ("[B]ecause Defendants' counterclaim remained pending . . . , Plaintiff was not permitted to take a voluntary dismissal of his remaining claim without Defendants' consent."); *Maurice*, 38 N.C. App. at 592, 248 S.E.2d at 433 ("Plaintiffs' effort to take a voluntary dismissal also fails for the reason that defendant had filed a counterclaim seeking affirmative relief against plaintiffs arising out of the same transactions alleged in plaintiffs' complaint."); *Swygert*, 46 N.C. App. at 177, 264 S.E.2d at 905 ("Because defendant-husband's claim for divorce was based on the . . . same transaction alleged in plaintiff's complaint, plaintiff-wife was thereafter bound to remain in court upon her allegations and could not dismiss her action *ex parte*."). The Court is not convinced that *McCarley* and the appellate decisions applying it compel the conclusion that Defendants' Answer here should be recast as a counterclaim so as to prevent Plaintiff's filing of its voluntary dismissal without prejudice, particularly in the face of the broad power Rule 41(a) expressly grants to plaintiffs to voluntarily dismiss their claims.

{22} Finally, Defendants' make no argument in their brief in support of the Motion to Set Aside Dismissal that they would be materially prejudiced by Plaintiff's voluntary dismissal. Defendants assert only that they would have to incur the additional time and expense of an additional lawsuit should Plaintiff choose to re-file, or should Defendants decide it is in their best interest to seek a declaration of the parties' rights. This "prejudice," however, is inherent any time a plaintiff takes a voluntary dismissal pursuant to Rule 41; thus, it alone cannot be a basis for setting aside the dismissal here.

{23} Because Defendants did not file a counterclaim or otherwise seek affirmative relief, Plaintiff was free to dismiss its action prior to "resting" its case. The record is clear that Plaintiff had not "rested" before filing its dismissal notice. *See, e.g., Alston v. Duke Univ.* 133 N.C. App. 57, 61–62, 514 S.E.2d 298, 301 (1999) (plaintiff not deemed to have rested her case where a motion for summary judgment had been filed, but plaintiff had made no arguments against summary judgment).

{24} Accordingly, the Court concludes that Defendants' Motion to Set Aside Dismissal should be denied. Further, because Plaintiff timely and properly dismissed its action, Defendants' Motion for Summary Judgment and Motion to Dismiss became moot, and should therefore be denied.

B.     Counsel's "Limited Appearance"

{25} While not directly relevant to the Court's determination of the Motions before it, the Court declines to accept Plaintiff's counsel's attempt to limit his involvement in this matter. Rule 1.2(c) of the Revised Rules of Professional Conduct of the North Carolina State Bar provides that "[a] lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances." The Court does not find the limitation implicitly suggested by Plaintiff's counsel, in these circumstances, to be reasonable. The Court further directs counsel's attention to 99 Formal Ethics Opinion 12, Inquiry #3 (Jan. 21, 2000), which provides that the ability of an attorney, in a litigated matter, to make a "limited appearance" is subject to the rules of the tribunal. The Court is unaware of any Business Court Rule or any provision of the North Carolina Rules of Civil Procedure or the General Rules of

Practice for the Superior and District Courts ("General Rules of Practice") that would permit a limitation of responsibility under these circumstances. Rather, Rule 16 of the General Rules of Practice specifically provides that "[n]o attorney who has entered an appearance in any civil action shall withdraw his appearance, or have it stricken from the record, except on order of the court." As a result, at least until a proper motion to withdraw has been filed and granted by the Court, the Court deems Plaintiff's counsel to be, once again, counsel of record for Plaintiff in this matter, at least with regard to proceedings in this Court, subject to all of the responsibilities of counsel of record.

III.

CONCLUSION

{26} For the foregoing reasons, the Court hereby **DENIES** Defendants' Motion to Set Aside Dismissal and **DENIES** as moot Defendants' Motion for Summary Judgment and Motion to Dismiss. As a result, the Court concludes that Plaintiff's Voluntary Dismissal effected the dismissal of Plaintiff's claims in this action without prejudice.

**SO ORDERED**, this the 11th day of July, 2016.

/s/ Michael L. Robinson
Michael L. Robinson
Special Superior Court Judge
 for Complex Business Cases